IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | 1:11-cr-344 (LMB) |
| ) | |
| HOWARD SHMUCKLER, ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Before the Court is pro se movant Howard Shmuckler's Title 18 U.S.C. § 3582(c)(1)(A) Motion for Reduction in Sentence as Amended by the First Step Act, December 2018 Pub. L. No. 115-391 [Dkt. No. 120].[1] The government has opposed the motion and Shmuckler has filed a reply. For the reasons that follow, Shmuckler's motion will be denied.

From 2008 to 2009, Shmuckler owned and operated a business called The Shmuckler Group, LLC ("TSG"), which provided home loan-related services. [Dkt. No. 49] at 1. Through his work with TSG, Shmuckler "knowingly devised . . . a scheme and artifice to defraud victims by misrepresenting TSG's success rate, thereby inducing victims into paying substantial fees for TSG's services, and thereafter to lull those victims into a false sense of complacency with

---

[1] This is not Shmuckler's first motion for a reduction in sentence. He filed another such motion on May 9, 2017, based on a reduction in the sentencing range by the Sentencing Commission, his post-sentencing rehabilitation, and a change in the sentencing factors. [Dkt. No. 117]. On May 12, 2017, the Court denied this motion [Dkt. No. 118], which Shmuckler appealed on May 30, 2017 [Dkt. No. 119]. The Clerk's office erroneously neglected to transmit the notice of appeal to the Fourth Circuit until September 18, 2019. In the interests of efficiency, the Court will address Shmuckler's instant motion without awaiting further guidance from the Fourth Circuit.

respect to TSG's execution of those services." Id. at 1-2. On April 10, 2012, Shmuckler pleaded guilty to six counts of wire fraud. [Dkt. No. 48]. On June 25, 2012, he was sentenced to 90 months' imprisonment [Dkt. No. 63],[2] to be served consecutively to a 75-month term of imprisonment he was then serving as a result of a separate conviction in the United States District Court for the District of Columbia for bank fraud and possessing and uttering a counterfeit security of an organization, United States v. Shmuckler, No. 1:10-cr-102 [Dkt. Nos. 77, 110].[3]

Shmuckler, who is now 76 years old, claims that he suffers from a variety of medical conditions, including a crimp in his aortic artery; macular degeneration; hypertension; esophageal reflux; mycobacterium fortuitive infection; hyperthyroidism; prostatic hypertrophy; and hyperlipidemia. [Dkt. No. 120] at 4, 6-7.[4] To address these conditions, Shmuckler reports that he takes 17 medications daily, uses a walker, wrist splints, hearing aids, a bed wedge, compression garments, and wears modified medical clothing. Id. at 5, 7. Shmuckler alleges that his macular degeneration and the crimp in his aortic artery cannot be addressed while he is incarcerated because the BOP has not approved, or cannot approve, approve surgery for them. Id.

---

[2] This Court also sentenced Shmuckler to a three-year period of supervised release and ordered him to pay $600 in special assessments and over $1.8 million in restitution. [Dkt. Nos. 63, 85, 95].

[3] On September 6, 2013, Shmuckler was also convicted of theft of over $500 in the Circuit Court for Prince George's County, Maryland, and sentenced to 90 months' imprisonment, to run concurrently with his federal sentences. [Dkt. No. 120] at 3, 17.

[4] In a motion for reduction in sentence that Shmuckler filed with the BOP in April 2019, he stated that he suffered from other conditions as well, including degenerative arthritis; breathing and sleep disorders; dizziness; shoulder impingement; blockage of his carotid artery; general "cognitive degeneration"; and dementia, which have meant that he can no longer teach or take educational classes in prison. [Dkt. No. 120] at 27-30. The medical documentation accompanying Shmuckler's motion to the BOP supports some of these conditions, but not others. For example, he has submitted no medical evidence that he suffers from cognitive degeneration or dementia.

at 7. Shmuckler alleges that because of these conditions, he is classified at a chronic care level of 3, is listed as "unstable" and requiring "complex chronic care," and has a "no duty" work designation. [Dkt. No. 120] at 30. These conditions and his age form the central basis for Shmuckler's motion.

Before the enactment of the 2018 First Step Act, only the Director of the Bureau of Prisons ("BOP") could move for compassionate release;[5] however, the 2018 First Step Act amended § 3582(c) to provide that a defendant himself may move for such release in certain circumstances. The statute provides that upon receipt of such a motion from a defendant,[6] the sentencing court may, after evaluating the sentencing factors in 18 U.S.C. § 3553(a) to the extent they apply, reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i), and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[7]

---

[5] The BOP uses the terms "compassionate release" and "reduction in sentence" interchangeably, see https://www.bop.gov/policy/progstat/5050_050_EN.pdf at 1, and the Court will do the same.

[6] The statute sets out a procedural requirement that a defendant must meet before filing such a motion. Specifically, a defendant must either have exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or the warden must have failed to act on the defendant's request for 30 days after receipt. Shmuckler has met this requirement, because he filed a motion with the warden in April 2019 and has not received a response.

[7] 18 U.S.C. § 3582(c)(1)(A)(ii) provides that a Court may reduce a defendant's sentence if "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." Shmuckler has not served at least 30 years in prison pursuant to a sentence imposed under § 3559(c) and he has not filed anything suggesting that the Director of the BOP has determined that he is not a danger to the safety of any other person or the community. Accordingly, relief under this subsection is unavailable to him.

3

There is some dispute as to which, if any, policy and program statements should apply in deciding whether to reduce Shmuckler's sentence. The government contends that Section 1B1.13 of the Sentencing Guidelines and its corresponding commentary apply. Specifically, the government argues that the Sentencing Commission has been tasked with defining what counts as "extraordinary and compelling reasons," see 28 U.S.C. § 994(t), and has done so in U.S.S.G. § 1B1.13; however, the Sentencing Commission has not updated this section since the passage of the First Step Act,[8] and it still only references motions by the Director of the BOP, not motions by a defendant himself. United States v. Rodd, No. 13-cr-230, 2019 WL 5623973, at *2 (D. Minn. Oct. 31, 2019). Nevertheless, some courts have continued to follow the pre-First Step Act U.S.S.G. § 1B1.13, concluding that if the section "needs tweaking . . . that tweaking must be accomplished by the Commission, not by the courts." United States v. Lynn, No. 89-cr-72, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 13, 2019). Others have concluded that courts now have discretion to "determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant granting relief." United States v. Cantu, No. 1:05-cr-458-1, 2019 WL 2498923, at *5 (S.D. Tex. June 17, 2019).

Shmuckler separately argues that his sentence should be reduced based on the criteria enumerated in the BOP's January 17, 2019 Program Statement 5050.50, entitled "Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)." See https://www.bop.gov/policy/progstat/5050_050_EN.pdf ("BOP Program Statement"). This is an internal BOP policy document that provides guidance for wardens in deciding whether to bring a motion on a defendant's behalf under 18 U.S.C. § 3582(c)(1)(A).

---

[8] The Sentencing Commission presently has only two voting members and cannot amend its guidelines until it has at least four. United States v. Handerhan, No. 1:10-cr-00298, 2019 WL 1437903, at *1 n.4 (M.D. Pa. Apr. 1, 2019)).

4

The criteria in the BOP Program Statement differ in some respects from those provided in 18 U.S.C. § 3582(c)(1)(a), and the government argues that the Program Statement should not apply here; however, some courts have considered the criteria in this statement in reviewing defendants' motions under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. Lake, No. 5:16-cr-76, 2019 WL 4143293, at *3 (E.D. Ky. Aug. 30, 2019). As discussed below, regardless of whether U.S.S.G. § 1B1.13 or the BOP Program Statement applies, Shmuckler is not entitled to a reduction in sentence.

Under the commentary to U.S.S.G. § 1B1.13, a defendant may qualify for release based on, among other factors, age or a medical condition.[9] For release based on age, a defendant must be at least 65 years old, be "experiencing a serious deterioration in physical or mental health because of the aging process," and have "served at least 10 years or 75 percent of his . . . term of imprisonment, whichever is less." Commentary, U.S.S.G. 1B1.13. Even if Shmuckler's health conditions were sufficiently serious to justify release under this section, which, for the reasons discussed below, they are not, Shmuckler would not meet these requirements because he has not served at least 10 years or 75 percent of the sentence imposed by this Court. Shmuckler's motion states that he has been incarcerated since March 12, 2012. [Dkt. No. 120] at 7. Assuming that is correct, Shmuckler completed the 75-month sentence for his District of Columbia convictions in June 2018, at which time he began serving the 90-month sentence imposed by this Court. Accordingly, he has completed only slightly more than one year and five months, or approximately 19 percent, of the sentence imposed by this Court, and approximately seven years and eight months, or about 56 percent, of his total federal sentence.

---

[9] U.S.S.G. § 1B1.13 also provides that certain family circumstances may justify release. Shmuckler has not argued that he is entitled to release on this basis.

5

For release based on a medical condition under the commentary to U.S.S.G. § 1B1.13, there is no minimum time-served requirement, but Shmuckler is nonetheless unable to obtain release on this basis. To qualify, a defendant must either suffer from a terminal illness, a "serious physical or mental condition," a "serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process" "that substantially diminishes . . . [his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." Commentary, U.S.S.G. 1B1.13. Although Shmuckler suffers from multiple medical conditions, he has not established that they are sufficiently serious to warrant compassionate release due to a medical condition. His motion indicates that he is able to provide reasonable self-care in prison, given that he is able to manage most of his medical issues through medication and the use of assistive devices.

Shmuckler states that he requires surgeries for his aorta condition and his macular degeneration that he is unable to obtain while in prison, [Dkt. No. 120] at 7; however, he has not indicated that any requests for surgery have been specifically denied. Moreover, the motion he filed with the warden states that the "cardiologist['s] recommendation is that surgery, at Shmuckler's age, in order to correct the crimp [in the aorta], may be critically dangerous," [Dkt. No. 120] at 27, suggesting that even if Shmuckler is correct that he cannot obtain aorta surgery while incarcerated, that surgery may be inadvisable in any event. With respect to Shmuckler's macular degeneration, the ophthalmologist's note attached to his latest filing states "[w]ill schedule for surgery," suggesting that surgery may be on the horizon. [Dkt. No. 129-1] at 3.

A recent case from a district court in the Fourth Circuit provides a useful comparator. In United States v. Beck, No. 1:13-cr-186-6, 2019 WL 2716505 (M.D.N.C. June 28, 2019),[10] the Court found extraordinary and compelling reasons warranting a sentence reduction where the defendant had invasive, life-threatening breast cancer and the BOP had a "history of indifference to her treatment," including by allowing seventeen months to pass between the time her medical care providers at the prison learned about the lumps in her breast, and the time the BOP permitted her to consult a medical oncologist, which meant that she missed the window during which chemotherapy could have been effective. Shmuckler's conditions are far less extreme, and he even admits that the BOP "is obviously doing the best it can for" him. [Dkt. No. 120] at 6. He has submitted documentation from several relatively recent visits with healthcare professionals, including specialists. [Dkt. No. 120] at 21, 43-47, 50-51, [Dkt. No. 129-1] at 2-3.

Because of how recently the First Step Act was enacted, the case law surrounding motions for compassionate release under the Act is, of course, limited and developing; however, it is worth observing that some courts have denied motions under § 3582 based on some of the conditions from which Shmuckler suffers, including macular degeneration, White v. United States, 378 F. Supp. 3d 784, 786-87 (W.D. Mo. 2019), and hypertension, hyperlipidemia, and hypothyroidism, Lake, 2019 WL 4143293, at *1. Courts have also denied motions where the movant allegedly suffered from conditions that are arguably as serious if not more serious than those from which Shmuckler suffers, including multiple sclerosis. United States v. Casey, 2019 WL 1987311, at *1-*2 (W.D. Va. 2019).

---

[10] The Beck court concluded that U.S.S.G. § 1B1.13 "provides helpful guidance, [but] . . . does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction." Id. at *6.

The commentary to U.S.S.G. § 1B1.13 also provides a residual category that empowers the Director of the BOP to determine whether "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," those specifically enumerated. Commentary, U.S.S.G. 1B1.13. As mentioned above, some courts have concluded that the First Step Act granted courts the discretion to apply this residual category as well. Even if the Court is authorized to consider other extraordinary and compelling reasons, it finds that Shmuckler has not articulated any additional extraordinary or compelling reasons why he should be released.

Nor does Shmuckler meet the standards articulated in the BOP's Program Statement, to the extent it applies here. That statement provides that in determining whether to file a motion on behalf of certain elderly inmates, the BOP considers inmates who are 65 and older, "[s]uffer from chronic or serious medical conditions related to the aging process" or "[e]xperienc[e] deteriorating mental or physical health that substantially diminishes their ability to function in a correctional facility" for which "[c]onventional treatment promises no substantial improvement," and "[h]ave served at least 50% of their sentence." BOP Program Statement at 6. It is not clear whether the BOP Program Statement requires inmates to have completed 50 percent of their total sentence, or 50 percent of the sentence they are currently serving; if it is the latter, then Shmuckler does not qualify, because he has served only about 19 percent of the sentence imposed by this Court. Even assuming that Shmuckler could meet this criterion, he has not established that his health conditions substantially diminish his ability to function in a correctional facility. Although Shmuckler's health conditions may make his imprisonment somewhat more challenging, "the federal prison system contains many inmates who have medical conditions that make confinement more difficult," United States v. Malone, No. 1:07-cr-

37-1, 2019 WL 3337906, at *2 (W.D. Va. July 25, 2019), and Shmuckler has not presented documentation showing that his health conditions are so serious or limiting as to justify a sentence reduction at this time.

In addition, the BOP Program statement provides that for elderly inmates who meet the above criteria, the BOP also evaluates whether the inmate poses a risk of reoffending. In conducting that analysis, the BOP considers "[t]he age at which the inmate committed the current offense," "[w]hether the inmate suffered from these medical conditions at the time the inmate committed the offense," and "[w]hether the inmate suffered from these medical conditions at the time of sentencing and whether the Presentence Investigation Report (PSR) mentions these conditions." BOP Program Statement at 6. Shmuckler was in his sixties when he committed the serious offenses outlined above, which means he cannot credibly claim that his criminal conduct was a youthful indiscretion. Moreover, some of Shmuckler's alleged health conditions were present at the time he was sentenced and were mentioned in his PSR, including some heart-related issues, the mycofortuitum bacterial infection, and his degenerative arthritis. [Dkt. No. 53] at 30-33. The Court was therefore able to consider those conditions in determining Shmuckler's original sentence. Because the Court finds that Shmuckler has not established extraordinary and compelling reasons for a sentence reduction, the factors set forth in 18 U.S.C. § 3553(a) do not need to be addressed.

It appears that Shmuckler may also be seeking to have his term of incarceration converted to home confinement, [Dkt. No. 120] at 15, [Dkt. No. 129-1] at 1; however, this relief is not available because the decision whether to allow a prisoner to serve his sentence in home confinement is solely within the discretion of the BOP and the Attorney General. United States v. Caiado, No. 8:17-cr-561, 2019 WL 5653810, at *2 (M.D. Fla. Oct. 31, 2019). To challenge

any determination made by the BOP as to his eligibility for home confinement, Shmuckler must first exhaust any necessary administrative remedies, after which he may be able to bring a petition for habeas corpus pursuant to 28 U.S.C. § 2241. Any such petition would need to be filed in the district in which he is incarcerated, which would be the United States District Court for the Eastern District of North Carolina.[11] See, e.g., United States v. Spruill, No. 12-cr-515, 2019 WL 5538154, at *1 (D.N.J. Oct. 24, 2019).

For the foregoing reasons, Shmuckler's motion will be denied by an appropriate Order to issue with this Memorandum Opinion.

Entered this 22ⁿᵈ day of November, 2019.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

---

[11] Shmuckler is currently incarcerated at a low security Federal Correctional Institution in Butner, North Carolina.